IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL DAVIS,<br><br>Defendant. | Case No. CR08-0078<br><br>ORDER FOR PRETRIAL DETENTION |

On the 24th day of November, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by her attorney JoAnne Lilledahl.

## RELEVANT FACTS

On November 19, 2008, Defendant Crystal Davis was charged by Indictment (docket number 1) with conspiracy to distribute crack cocaine (Count 1) and distribution of crack cocaine (Count 5). Defendant entered a plea of not guilty and trial is scheduled for January 20, 2009.

DEA Special Agent Dustin Wernli testified regarding the facts underlying these charges. On May 6, 2008, a controlled purchase of crack cocaine was made from Jordan McConnell, one of the co-Defendants in this case. On June 23, 2008, crack cocaine was found in McConnell's car following a foot chase. A search of McConnell's house was conducted on July 16, 2008, resulting in the seizure of four ounces of crack cocaine and a handgun.

1

Following the search of his residence on July 16, McConnell agreed to cooperate with law enforcement authorities. McConnell made several recorded phone calls to co-Defendant Jermaine Neely to purchase additional crack cocaine. Neely told McConnell to contact Defendant. Defendant then called McConnell back and arrangements were made to purchase crack cocaine at Defendant's house. McConnell and Special Agent Wernli went to McConnell's house, where McConnell then purchased 63 grams of crack cocaine from Defendant.

On July 17, 2008, a search was conducted at Defendant's house. No additional drugs were found at that time. After being *Mirandized*, however, Defendant admitted that Neely would bring back five or six ounces of crack cocaine per week from Chicago and drop it off at her house. She would distribute the crack cocaine and receive a small payment.

According to the Pretrial Services Report, Defendant is 32 years old. While she has never been married, she has five children from a relationship with Henry Mayfield of Chicago, Illinois. Prior to her arrest, the three oldest children (ages 16, 14, and 12) lived with their father, while the two youngest children (ages 5 and 3) lived with Defendant. Since Defendant has been arrested, however, Mayfield has apparently taken the two youngest children back to Chicago.

Defendant lived in Chicago until moving to Cedar Rapids in February 2008. Prior to her arrest, she lived with her sister and her sister's child. Special Agent Wernli testified that Defendant's sister is on state probation for possession of marijuana and crack cocaine and, therefore, Defendant would not be able to return to that residence if released prior to trial. Defendant proffered at the time of hearing, however, that she would be able to live with her Godmother in Cedar Rapids.

Defendant is currently unemployed. It would appear that she worked at the J-Street Apartments in Cedar Rapids from June or July 2008 until she recently lost that employment. Defendant told the pretrial services officer that she was laid off, but

Defendant's Godmother and sister reported that she "was fired from her last job because she and her children had been sick and she missed too much work." Defendant admits using marijuana on a monthly basis, with her last use being about one week prior to her arrest. Defendant also drinks to excess on a weekly basis.

In 1994, Defendant was convicted of a felony drug offense. According to the Pretrial Services Report, the charge was "possession of under 15 grams, cocaine," while the indictment describes the charge as "manufacture/delivery of 1 to 15 grams of cocaine." Defendant was also convicted in 1994 of possession of a controlled substance and battery. While it would appear that Defendant had some difficulty on probation, her probation was terminated satisfactorily in April 1998. Since that time, Defendant's only conviction is for theft in the fifth degree in 2004.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will

reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute crack cocaine and distribution of crack cocaine, both of which are offenses enumerated in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Obviously, both charges involve the distribution of a controlled substance. Count 5 arises from a controlled purchase on July 16, 2008, surveilled by law enforcement officers. After being *Mirandized*, Defendant admitted the circumstances giving rise to Count 1. Accordingly, it would appear that the "weight of the evidence" is substantial. Defendant's ties to the community are limited. She moved to Cedar Rapids approximately nine months ago, after having lived in Chicago. Her five children now live in Chicago. Defendant is now unemployed. She admits to the regular use of marijuana and occasionally drinks to excess. She was previously convicted of a felony drug offense, which according to Mr. Chatham exposes Defendant to a mandatory minimum 20-year prison term if convicted on Count 1. Both Count 1 and Count 5 give rise to a rebuttable presumption that there is no condition or combination of conditions which will assure Defendant's appearance and the safety of the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of

persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of her right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 21, 2008) to the filing of this Ruling (November 25, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 25th day of November, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA